UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

JS 6

| Case No. | CV 11-2160 DSF (MANx) | Date | 3/24/11 |
|---|---|---|---|
| Title | U.S. Bank National Association, etc., v. Abel Galvez | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**     (In Chambers) Order REMANDING Case to Superior Court of California, County of Los Angeles

   This matter was removed from state court on March 14, 2011, based on federal question and federal civil rights jurisdiction.  The complaint is a state law unlawful detainer complaint and does not state a federal cause of action.   While the notice of removal claims jurisdiction under 28 U.S.C. § 1443 due to a denial of due process, equal protection, and miscellaneous other federal theories,  federal question jurisdiction is based on the plaintiff's complaint and not on any federal counterclaims or defenses that a defendant might assert.  See Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002).

   Civil rights removal under § 1443(1) requires "[f]irst, [that] the [defendants] must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights [and] [s]econd, that [the defendants] must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights."  Patel v. Del Taco, Inc., 446 F.3d 996, 999 (9th Cir. 2006) (quoting California v. Sandoval, 434 F.2d 635, 636 (9th Cir.1970)).  The removing defendants have made no showing on either point.  Removal under § 1443(2) is only available to state officers.  See City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 824 n.22 (1966).

   While it does not formally allege diversity jurisdiction, the notice of removal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

JS 6

alludes to the amount in controversy. Contrary to Plaintiff's argument, the face of the complaint clearly limits damages to less than $10,000.

The case is REMANDED to the Superior Court of California, County of Los Angeles.

IT IS SO ORDERED.